**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIM. NO. 7:22-CR-37** |
| **v.** | : | |
| | : | |
| **URIAH HALL,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files this response in opposition of Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C § 3582 (c)(2) and Amendment 821 of the United States Sentencing Guidelines (U.S.S.G). Doc 38.

On January 26, 2023, the defendant pled guilty to Count One of a four-count Indictment. Count One charged Possession with Intent to Distribute Methamphetamine, on or about November 6, 2021, in an amount of 50 grams or more, in violation of – 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Count Two, which charged the defendant with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Three charged the defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Count Four charged the defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Doc 1.

A conviction on Count Two would have exposed the defendant to a maximum sentence of 20 years imprisonment. A conviction on Count Three would have exposed the defendant to a maximum sentence of 10 years imprisonment and a conviction of Count Four would have resulted in a mandatory minimum of 5 years imprisonment, consecutive to any other imprisonment.

Despite a lengthy and underrepresented criminal history Defendant's convictions resulted in a total criminal history score of six, which is a Criminal History Category III. With a Total Offense Level 35 and Category of III, Defendant's imprisonment range is 210-262. However, pursuant to Amendment 821 to the U.S.S.G., the two status points assessed because defendant committed the instant offense while under a criminal justice sentence for Berrien County Superior Court docket 12CR07 and Union County Superior Court docket 14CR10, are removed. Therefore, the new guideline range is 188-235.

Defendant now seeks a sentence of 210 months, arguing for a middle of the guideline range sentence because the Court gave "the middle" in the initial sentencing. Defendants request, however, fails to acknowledge that the appropriate punishment should consider both the crime of conviction, as well as the offender, *Williams v. New York*, 337 U.S. 241, 247 (1949). At sentencing, the Court considered the reckless nature of the Defendant's conduct and the lengthy criminal history that the Government argued was underrepresented in Defendant's criminal history score.

First, the defendant led law enforcement on a high-speed pursuit, on county roads and an Interstate Highway, for nearly 20 miles at dangerous speeds up to 145 miles per hour, before crashing his motor vehicle. The Defendant was wearing a backpack that contained 18.570 grams of heroin and 829.706 grams of methamphetamine, with 68% purity, or 564.20 grams of methamphetamine (actual), as well as, a wallet with documents containing various forms of identification for Defendant, a title to the motorcycle, a set of keys, a pouch containing a set of digital scales with white powder residue present, and $1,610.00 in U.S. currency. In addition, a Taurus handgun was found several feet from the point of the crash and a loaded magazine for the Taurus handgun was found in the backpack.

Next, Defendant's criminal history dated back to age seventeen, with various jurisdictions sentencing the Defendant to probation and subsequently parole. The Defendant served minimal time for serious drug charges and had numerous charges dismissed throughout Worth, Tift, Union, Berrien, Towns and Lowndes counties.

Finally, the Court's assessment of the information provided in the Presentence Investigation Report, the arguments of counsel, the Defendant's Sentencing Memorandum and the sentencing factors at 18 U.S.C. 3553(a) remains unchanged by the retroactive application of Amendment 821. The rationale behind the sentence is not altered. The Government maintains that 240 months is still sufficient, but not greater than necessary to serve the purposes of the 3553(a) factors. However, should the Court grant Defendant's motion for a reduction within the 188-235 range, the Government respectfully insists that a sentence of 235 months is appropriate.

This the 5th day of October 2026.

WILLIAM R. KEYES
UNITED STATES ATTORNEY

BY: */s/ Sonja B. Profit*
SONJA B. PROFIT
Assistant United States Attorney
Georgia Bar Number 588542
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Fax: (478) 621-2655
E-mail: sonja.b.profit@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Sonja B. Profit, Assistant United States Attorney, hereby certify that I electronically filed the within and foregoing ***GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE*** by filing said motion with the Clerk of the Court using the CM/ECF system and by mailing a copy to

Uriah Wade Hall
Reg# 00531-120
FCC Coleman Low
P.O. Box 1031
Coleman, FL 33521

This the 5th day of October 2026.

WILLIAM R. KEYES
UNITED STATES ATTORNEY

BY: */s/ Sonja B. Profit*
SONJA B. PROFIT
Assistant United States Attorney
Georgia Bar Number 588542
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Fax: (478) 621-2655
E-mail: sonja.b.profit@usdoj.gov